### NAIHE KEKUEWA *vs.* KUAU.

ON EXCEPTIONS FROM CIRCUIT COURT OF FOURTH JUDICIAL CIRCUIT.

THE CIRCUIT AND DISTRICT COURTS have concurrent jurisdiction in actions claiming consequential damages where the *ad damnum* does not exceed two hundred dollars.

Opinion of the Court by McCULLY, J.

Bill of exceptions from the Circuit Court of the Fourth Judicial Circuit, as follows:

The plaintiff claimed of the defendant the sum of one hundred dollars as damages caused to the plaintiff's person, in that the defendant had assaulted the plaintiff and bitten off the upper part of the plaintiff's forefinger of the left hand.

And the defendant by his attorney, Alfred S. Hartwell, did on the 18th day of February, A. D. 1880, file with the Clerk of this Court his answer denying all the facts alleged in the plaintiff's declaration.

And it appearing to the Court here that the plaintiff had previously brought his action for the same matters and things now alleged against the defendant before the District Justice of Lihue, on the Island of Kauai, but that said District Justice had dismissed the same on the ground that he had no jurisdiction of causes of this nature, and this Court being of the opinion that only the said District Justice has original jurisdiction of this cause, the Court did order that the plaintiff's said cause be dismissed on the ground that this Court has no original jurisdiction thereof; and that the plaintiff is at liberty to bring the same action against the defendant before the

38

said District Justice.  It also appeared that no appeal had been taken by the plaintiff from the ruling of the District Justice declining jurisdiction as aforesaid.

And the defendant moves that instead of remanding said cause to the District Justice as aforesaid, this Court do order that judgment be entered for the defendant, and that the plaintiff take nothing herein by reason of the plaintiff's failure to appeal from the aforesaid ruling of the said District Justice, but the Court refused to grant that motion.

### BY THE COURT.

On examination of the complaint in this case we find that the proceedings in the District Court were set forth in the complaint, and thus the Circuit Court was apprised of them. But this was an original action in the Circuit Court, and it does not appear to us to have been relevant to the statement of the plaintiff's matter of action to rehearse a proceeding in the District Court which had not come up by appeal, nor was it relative to the bill of exceptions as we understand the ruling of the Circuit Court.  The Justices of the Circuit Court dismissed the action on the ground that the complaint, laying the damages at $200, was within the exclusive original jurisdiction of a District Court, and could not be entertained by the Circuit Court except by appeal.  Now the question of the jurisdiction of the Circuit Court could not be affected by the ruling of the District Justice; that is to say, it would not follow that the Circuit Court must take original jurisdiction because a District Justice had held that he had none; but only if it was good in law that there was no jurisdiction in the lower Court, and therefore must be in the original jurisdiction of the higher Court.  And if it were held wrongly by a District Justice that he had no jurisdiction in a case brought before him, and afterwards the same case being brought by original petition before a Circuit Court, or the Supreme Court, and it being held in such superior Court that it was a matter of exclusive original jurisdiction with the lower Court, it could

not be maintained in such lower Court, upon the action being freshly brought, that the previous ruling of the lower Court would be a bar hereto. The substantial question for our review here is, whether the Circuit Court had original jurisdiction, either exclusive or concurrent with the District Court, of the matter laid in the complaint. Jurisdiction is a matter of statute, and the jurisdiction of the inferior Courts is strictly determined by the statute, and it is not to be extended by implication.

We quote here the statutes affecting the subject:

Civil Code, Section 893. "Police Courts * * * shall have exclusive original jurisdiction, within their respective districts, over all police cases proper, and over all cases where the amount of property in dispute shall not exceed one hundred dollars, wherein one or both of the parties are foreigners."

Civil Code, Section 915. "Each of said District Justices shall have jurisdiction, subject to appeal, to hear and determine all civil cases wherein the property involved in controversy or the amount of the plaintiff's demand does not exceed one hundred dollars."

Civil Code, Section 880. "The respective Circuit Courts shall have original jurisdiction to hear and determine all civil suits between individuals, or in which the Government is plaintiff, involving a greater amount of indebtedness or claim than one hundred dollars, and appellate jurisdiction in all such suits when the amount claimed does not exceed one hundred dollars. They shall have power to hear and determine all private actions arising within their jurisdiction, sounding in consequential injury, or damages without limit as to amount of claim."

Statutes of 1868, page 33, amends Section 893 to read: "Police Courts shall have exclusive original jurisdiction within their respective districts, over all police cases proper, and over all cases where the amount of property in dispute shall not exceed two hundred dollars," thus omitting the

limitation "wherein one or both of the parties are foreigners," and giving the same exclusive jurisdiction up to two hundred dollars which they had had up to one hundred dollars. The Statutes of 1874, Chapter XXII, amend Section 915 by substituting the word two for one, raising the jurisdiction of District Justices also to two hundred dollars.

It is to be remarked that as the Civil Code stood before the amendments, the limit of jurisdiction given to the Police and District Courts, of one hundred dollars, systematically conformed to the provisions in Section 880, giving appellate jurisdiction to Circuit Courts in matters of "indebtedness or claim" when the amount claimed does not exceed one hundred dollars, "and original jurisdiction when such claim is greater than one hundred dollars." We must therefore hold that, while the grant of jurisdiction to the Police Courts in Section 893 is made "exclusive" in terms, the jurisdiction of the District Courts is intended to be exclusive, although that term is not employed, as to cases of the character which Circuit Courts can entertain only on appeal, for there is no other forum for them.

But there is a distinction made in Section 880 between "civil suits involving indebtedness or claim," and "private actions sounding in consequential injury or damages," the jurisdiction of the Circuit Courts as to the former being exclusively original or exclusively appellate as the amount claimed may be greater or may not exceed one hundred dollars, and as to the latter being "without limit as to amount of claim," that is without a maximum term.

Section 915 likewise distinguishes cases where property is involved in controversy, and where the amount is made by the plaintiff's estimation or demand. The former class would include assumpsit, trover and replevin, the latter may be taken to include what Section 880 terms "actions sounding in consequential injury or damages" except such as Section 920 inhibits, viz: "The District Justices shall not have power to try

actions for slander, libel, defamation of character, malicious prosecution, breach of promise of marriage, false imprisonment or seduction" (except seduction when damages claimed do not exceed one hundred dollars, by Act of 1864, p. 18), which cases must therefore come within the exclusive jurisdiction of the Circuit (and Supreme) Courts, however low the *ad damnum.* The non excepted cases of the second class are therefore left to the concurrent jurisdiction of District and Circuit Courts up to the limit, as now amended, of a demand for two hundred dollars.

The case at bar clearly belongs to the second class, as a claim for consequential damages, and was therefore subject to the jurisdiction of a Circuit Court, "without limit as to amount of claim," and as the *ad damnum* did not exceed two hundred dollars, it was also within the jurisdiction of a District Court.

The ruling of the Circuit Court is not sustained. Exceptions are held good, and the case is ordered to be placed in the calendar of the next term of. the Circuit Court.

A. S. Hartwell for the exceptions.